In the Matter of Roy W. King, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 31, 1983

**APPEARANCES OF COUNSEL**

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Mayberry, Kurlander, Burgess, Licht & Lunn* for petitioner.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to the practice of law by this court on June 23, 1965 and presently maintains an office in Rochester. Until February, 1982 he practiced in partnership with Rozetta D. McDowell under the firm name of King and McDowell.

The petition alleges that between August 15, 1980 and August 7, 1981, respondent diverted $34,105 from the law firm's trust accounts to its office account in order to pay overhead expenses and that such transfers were made without authorization from or disclosure to the respective clients. It is further alleged that, in response to petitioner's request for his cash receipt journals, respondent forwarded copies which had been altered so as to delete references to the transfers. Respondent later rectified that action by forwarding the original records.

Respondent has admitted the allegations in the petition and states that the diverted funds have been repaid and that the trust accounts have been current since December, 1981. There is no evidence that he has failed to pay any money owing to a client or that there had ever been a client complaint about his handling of funds.

Respondent is guilty of unprofessional conduct because he failed properly to identify funds and property of a client (see Code of Professional Responsibility, DR 9-102); failed to maintain complete records of funds of his clients (see Code of Professional Responsibility, DR 9-102 [B] [3]; 22 NYCRR 1022.5 [b]); commingled his clients' funds (see 22 NYCRR 1022.5 [a]); and withdrew money from a fiduciary account for his own purposes without accounting and reporting to his clients (see 22 NYCRR 1022.5 [b]).

In mitigation we note that respondent has been a reputable practitioner for many years and is a respected member of the community and has co-operated fully in resolving these charges.

Respondent should be suspended from the practice of law for a period of one year and until further order of the court.

DILLON, P. J., HANCOCK, JR., DOERR, DENMAN and MOULE, JJ., concur.

Order of suspension entered.